**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICIA KIELTY, on behalf of herself
and all others similarly situated and
SUSAN PATHMAN, on behalf of herself
and all others similarly situated,

        Plaintiffs-Appellants,

  v.

MIDLAND CREDIT MANAGEMENT,
INC.,

        Defendant-Appellee.

No.   15-56737

D.C. No.
3:14-cv-00541-BAS-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 8, 2017[**]
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Patricia Kielty and Susan Pathman appeal from the district court's judgment dismissing their putative class action claims asserted under the Credit Repair Organizations Act (CROA), 15 U.S.C. §§ 1679–79j.[1]  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Reviewing de novo, *see Stout v. FreeScore, LLC*, 743 F.3d 680, 684 (9th Cir. 2014), the district court did not err when it concluded plaintiffs failed to plausibly allege that Midland is a credit repair organization.  There is no allegation in the complaint that Midland represented "that it can or will sell, provide, or perform a service for the purpose of providing advice or assistance to a consumer with regard to improving a consumer's credit record, credit history, or credit rating" in return for the payment of money or other valuable consideration.  *See Stout*, 743 F.3d at 685.  Dismissal of the CROA claims was appropriate because the "overall net impression communicated" by Midland was merely that it sought repayment of a debt.  *See id.* at 686.

**AFFIRMED.**

---

[1]  The parties are familiar with the facts so we do not repeat them here. Also, the plaintiffs raised additional claims in the district court but appealed only the dismissal of their CROA claims.